UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION, DISTRICT OF MASSACHUSETTS

### PRE-CONFIRMATION CHAPTER 13 PLAN

DEBTORS:　Kimmy R. Jackson　　　　　　　　　　　　Docket #: 10-11716
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Effective date:　3/1/2013

I. PLAN PAYMENT AND TERM:
Debtor(s) shall pay monthly to the Trustee the sum of　　$1,855.00 for the term of:
　　(Place an X next to the correct term:)
　　36 months. 11 USC 1325(b)(4)(A)(i).
　　60 Months. 11 USC §1325(B)(4)(A)(ii).
　　60 Months. 11 USC §1322(d)(2). Debtor avers the following cause:

　　x　　11 Months. The Debtor states as reasons therefor:
　　The debtor is able to complete her plan (other than the Adversary Proceeding) in less than 36 months.

II. SECURED CLAIMS
A. Unmodified secured claims to be paid by the Trustee (including arrears):

| Creditor Name | Description of claim | Amount of claim: |
|---|---|---|
| Capital One N.A., its servicers or assigns | post-conversion adequate protection $1,138.00 per month for 10 months (to be held in escrow by Trustee) | 11380 |
| | Total of unmodified secured claims: | $11,380.00 |

B. Claims to be paid directly to creditors (not by Trustee):

| Creditor Name | Description of claim | Amount of claim: |
|---|---|---|
| Williamsburg Condominium Trust | ongoing condo associaion dues | |
| | Total of secured claims to be paid directly: | $0.00 |

C. Secured claims being modified:　　(See attached for description of modification and basis therefor)

| Creditor Name | Description of claim | Amount of claim: |
|---|---|---|
| Chase Home Finance | 2nd mortgage | |

assignee of Washington Mutual. This mortgage is wholly unsecured, based on the value of the and the amount of the first mortgage. The debtor's obligation on the note was discharged in the chapter 7 portion of this case. No payments shall be made on this mortgage. Upon completion of the plan, the debtor shall be entitled to move for an order discharging it of record.
　　　　　　　　　　　　　　Total of modified secured claims:　　　$0.00

D. Leases:
　　i. The Debtor(s) intend(s) to reject the residential/personal property lease claims of:
　　　　None
　　ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of:

       None
   iii. The arrears under the lease to be paid by the trustee are:
                         Creditor name:
     NONE

                  Grand total of secured claims:      $11,380.00

## III. PRIORITY CLAIMS
   A. Domestic Support Obligations:

| Creditor Name | Description of claim | Amount of claim: |
|---|---|---|
| NONE | | |

   B. Other

| Creditor Name | Description of claim | Amount of claim: |
|---|---|---|
| NONE | | |

                        Total of priority claims:      $0.00

## III. ADMINISTRATIVE CLAIMS
   A. Attorneys fees (to be paid by Trustee)      $2,900.00
      Attorney's name:  David G. Baker, Esq.

   B. Miscellaneous fees:     NONE
   C. The Chapter 13 Trustee's fee is determined by order of the United States Attorney General. The calculation of the plan payment set forth below utilizes a 10% trustee's fee. In the event that the trustee's fee is less than 10%, the additional funds collected shall be disbursed to unsecured creditors up to 100% of allowed claims.

## IV. UNSECURED CLAIMS
Creditors holding allowed general unsecured claims shall receive a dividend of:   100.00%
   A. General unsecured claims:   $4,076.00
   (Schedule F as amended, OTHER THAN student loan; post-petition pre-conversion, only)
   B. Unsecured claims resulting from lien avoidance (§522(f)):

| Creditor Name | Description of claim | Amount of claim: |
|---|---|---|
| | | |

   C. Unsecured portion of undersecured claims ("cramdown"):
   *(See Liquidation Analysis, below, for description of property and valuation)*

| Creditor Name | Description of claim | Amount of claim: |
|---|---|---|
| | | |

   D. Total A + B + C:   $4,076.00 Multiply by dividend:   $4,076.00
   E. Separately classified unsecured claims (co-borrower, etc.; §1322(b)(1)):

| Creditor Name | Description of claim | Amount of claim: |
|---|---|---|
| Goal Financial | student loan | 0 |

Dividend: _____ Total: _____ $0.00

The debtor(s) state(s) that separate classification is appropriate because:
*The debtor is current on this long term obligation. It is separately classified because it is presumptively non-dischargeable and is being treated as such, but without prejudice to the debtor's right to seek a determination of dischargeability if circumstances warrant in the future.*

V. OTHER PROVISIONS

    A. Liquidation of assets to be used to fund plan: _____

    B. Miscellaneous provisions: This is a "pot plan"; the actual dividend may be more or less depending on the total amount of cliams as actually filed, but in no event will the dividend be less than 100% if the term of the plan is less than 36 months.

The debtor avers that the pre-petition foreclosure of her condominium unit mortgage was wrongful for the reasons set forth in the related Adversary Proceeding. The trustee shall hold in escrow all adequate protection payments referred to below and not distributed anything to Capital One N.A., its servicers, successors or assigns unless otherwise ordered by the court or agreed to by the parties to the Adversary Proceeding.

VI. CALCULATION OF PLAN PAYMENT:

A. Secured claims:                                                $11,380.00

B. Priority claims:                                                  $0.00

C. Administrative claims:                                $2,900.00

D. General unsecured claims:                          $4,076.00

E. Separately classified unsecured claims:         $0.00

F. Sub-total of A through E above:                    $18,356.00

G. Divide F by .90 for total including Trustee's Fee:    $20,395.56
        (Cost of plan)

H. Divide Cost of plan by plan term to calculate monthly payment:    $1,855.00
        (Round up to nearest dollar and enter on page 1)

## LIQUIDATION ANALYSIS

    A. Real estate:

| Address: | Fair market value: | Liens & mortgages* | Exemption | Net available Chapter 7 |
|---|---|---|---|---|
| Condominium in Chelmsford | 160000 | 209000 | 500000 | $0.00 |

\* Liens & mortgages is Capital One mortgage only bcause Chase was discharged.
NOTE: Debtor intends to claim maximum available exemption.

                                  Total net equity for real estate:        $0.00

    B. Automobile:

|   |   |   |
|---|---|---|
| Value of all other assets: | | $15,410.00 |
| Less exemptions (schedule C): | | $12,010.00 |
| Total net equity for all other assets: | | $3,400.00 |

* does not include estimated value of legal claims as this is too speculative.

D. Summary of Liquidation Analysis:

| Net equity: | Real estate: | $0.00 |
|---|---|---|
| | Automobiles: | $0.00 |
| | All other assets: | $3,400.00 |
| | Grand total net equity: | $3,400.00 |
| Less chapter 7 trustee's commission (§326): | | $0.00 |
| Less other costs of liquidation (e.g., broker's fee; 6%): | | $204.00 |
| NET AVAILABLE FOR CHAPTER 7: | | $3,196.00 |

E. Comments regarding liquidation analysis:
Based on best information available at this time.

Pursuant to the Chapter 13 rules, the debtor (or the debtor's attorney) is required to serve a copy of the Plan upon the Chapter 13 trustee and all creditors and interested parties, and file a Certificate of Service stating the date and method of service, and the name and address of all entities served.

/s/    David G. Baker                    Date:    2/19/2013
Debtor's Counsel
Address:    236 Huntington Avenue, Ste. 306
            Boston, MA  021115
Telephone:  617-367-4260

I DECLARE UNDER THE PENALTIES OF PERJURY THAT I HAVE READ THE ATTACHED CHAPTER 13 PLAN AND THAT ALL REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

/s/    Kimmy R. Jackson                  Date:    2/19/2013
Debtor

                                          Date:
Co-debtor